# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0088
Lower Tribunal No. 10-34487-CA-01
_____

**Marilyn Weiderspan,**
Petitioner,

vs.

**The Republic of Cuba, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

William J. Sanchez, P.A., and William J. Sanchez, for petitioner.

Warren Gammill & Associates, P.L., and Warren P. Gammill, for respondent Instituto Patriotico y Docente San Carlos, Inc.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

The petition is hereby denied. We decline to grant the extraordinary writ requested where the respondents were never made a party and properly filed a motion to intervene within four months of the writ of execution and levy being issued. See Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So. 2d 751, 752 (Fla. 1956) (permitting post-judgment intervention by non-party because "the petition to intervene showed such an interest in the res that the ends of justice require that it be granted"); Mendoza v. Kendall Park Plaza, Ltd., 429 So. 3d 1082, 1085 (Fla. 3d DCA 2026) (reversing the denial of a motion to intervene in post-judgment execution proceedings where the proposed intervenor demonstrated a direct property interest in the levied property); Ezem v. Fed. Nat. Mortg., 153 So. 3d 341, 344 (Fla. 1st DCA 2014) (allowing post-judgment intervention by non-party where his interest in the property at issue "qualified as an interest of such a direct and immediate character that the intervener will gain or lose by direct legal operation and effect of the judgment" (internal citation omitted)); Technical Chemicals and Products, Inc. v. Porchester Holdings, Inc., 748 So. 2d 1090, 1091-92 (Fla. 4th DCA 2000) (holding that the general rule against post-judgment intervention is inapplicable where the intervenor was "defending its proprietary and pecuniary interest" in supplementary proceedings); Lefkowitz v. Quality

2

<u>Labor Management, LLC</u>, 159 So. 3d 147, 149-50 (Fla. 5th DCA 2014) (confirming that post-judgment intervention is permitted when the "ends of justice so require," and the intervenor sought to "defend its interests in certain collateral" and could not have asserted an interest in the subject matter of the litigation prior to the entry of judgment).

Any challenge to the trial court's subsequent rulings or the underlying judgment may be raised, if appropriate, on direct appeal.

Petition denied.